# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-0252-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| LOVELACE L. COMEAUX, II | MAGISTRATE JUDGE HANNA |

## MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Lovelace L. Comeaux, II ("Comeaux"). See Record Document 549. The motion for release is **DENIED** as premature.

The compassionate release statute, as amended by the First Step Act on December 21, 2018, provides, in pertinent part:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A).

Applying this statute, this Court finds that Comeaux's motion is premature at this time.[1] "The COVID-19 situation as it exists in the prison system does not, without more, establish that it is appropriate for the Court to accede to [Comeaux's] request to jump over the procedure provided in the law on compassionate release. There is nothing extraordinary or compelling that convinces the court to ignore the requirement that [Comeaux] first make his request to the Warden of the facility." United States v. Nathan Burl Cain, No. 1:17-CR-0204-01, at *4 (W.D. La. Apr. 8, 2020). As was well-stated by the Third Circuit:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like [Comeaux]. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp. Given [the Bureau of Prisons]'s shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.

United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Accordingly, Comeaux's motion for compassionate release is **DENIED** as premature.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of April, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] At the time of his original filing, Comeaux had not submitted his request through the required Bureau of Prisons administrative procedure, although he did attach a request for temporary furlough that had been submitted to the Warden on April 1, 2020. See Record Document 549. However, the furlough power rests with the Bureau of Prisons and not with the courts. See 18 U.S.C. § 3622(a)(6).

Thereafter, Comeaux supplemented his filing with documents that illustrated that he submitted a request for compassionate release to the Warden on April 14, 2020. See Record Document 553. Therefore, jurisdiction will vest in this Court thirty days thereafter, or whenever administrative relief is denied, whichever comes first.